UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JEFF LEMON,
KAREN MEYER,
JOHN DUNCAN,
ODELL WILLIAMS,
VIRGIL EILAND,
PAT HAYNES,
CRAIG ANDERSON,
SHIRLEY NYMAN,
FRANKLIN EDMONDS,
MARY PRESTON, and
The Estate of JOHN BEAMON,

          Plaintiffs,

       v.                                          Case No. 97-C-857

INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 139,

          Defendant.

ORDER DENYING MOTION TO ENFORCE (DOC. #449) AND
ALLOWING CONSENT DECREE TO EXPIRE

       On August 12, 1997, plaintiffs, on behalf of themselves and member of the International Union of Operating Engineers Local 139, instituted this class action alleging that defendant violated the Civil Rights Act of 1964, as well as the Civil Rights Act of 1871 by, among other things, engaging in the manipulation of its job referral book. Plaintiffs contended that this manipulation resulted in discrimination against women, African-Americans, Hispanics and Native Americans in violation of Title VII, 42 U.S.C. § 2000e, et seq. On May 14, 2001, this court re-certified the class pursuant to Fed. R. Civ. P. 23(B)(2), 23(D)(2) and 23(D)(5). An order dismissing the case was entered on June 28, 2002, after

approval of a consent decree which was to remain in effect for four (4) years. Pursuant to the consent decree, if at any time during that four year period a class member felt that the decree had been violated, that class member could file for relief with the court.

Accordingly, plaintiff, Franklin Edmonds, filed a complaint on May 16, 2006, in Case No. 06-C-0592, alleging that the defendant and the court-appointed monitor violated the consent decree. The court construed that complaint as a motion to re-open this case. Hence, on August 30, 2006, this case was reopened for the limited purpose of considering Edmonds' motion.

Edmonds' motion asserts that the defendant continued to manipulate its job referral book. In addition, the motion alleges that the court appointed monitor, Carin Clauss, was not monitoring the defendant adequately; failed to establish a 1-800 phone number as required by the consent decree; and wrongfully denied Edmonds copies of its out of work list and related documents.

On September 1, 2006, the court held a hearing on Edmonds' motion and Edmonds was ordered to submit by October 2, 2006, a more definite written statement of current violations he alleges and to identify with particularity the evidence supporting his claims. Defendant was given until October 23, 2006, to respond to Edmonds' allegations and a hearing was scheduled for November 13, 2006, to address the issues. Edmonds submitted his charges on September 28, 2006; and defendant responded on October 23, 2006. The monitor responded on October 24, 2006.

On November 13, 2006, the court held the status conference as scheduled. Because the monitor had not established a 1-800 number, the court asked the defendant if it would agree to extend the consent decree for the limited purpose of giving class

2

members the opportunity to contact the monitor during a two week period regarding any complaints about the operation of the referral system within the last sixty (60) to ninety (90) days. Also, the monitor reported that she believed that the defendant has substantially complied with the terms of the consent decree. Hence, she recommended that the decree expire. During the hearing, the court found that Edmonds failed to demonstrate evidence of violations with the requisite specificity.

On November 15, 2006, defendant volunteered to provide additional notice to the class members to enable them to present to the monitor any violations occurring in the last ninety (90) days. Defendant stated that it would send the notice to the class members on November 16, 2006, and that class members would have two weeks to contact the monitor. On January 9, 2007, the monitor submitted an addendum to her final report that addressed the final notice mailed out to class members by defendant. In the addendum, the monitor reported that she had not received any information from class members regarding violations of the consent decree. Additionally, she addressed the complaints of a class member that were sent directly to the court. The monitor found that most of the class member's complaints related to issues that were not subject to the consent decree and that she had already made findings regarding the one issue that did relate to the decree.

On March 12, 2007, Edmonds filed a motion to remove the monitor, again alleging that she was not adequately monitoring the defendant and that she wrongfully denied him copies of the defendants' out of work list and related documents. Defendant and the monitor responded to this motion on March 22, 2007, and March 26, 2007, respectively.

As stated at the hearing held on November 13, 2006, the court found that Edmonds failed to meet his burden of proving with specific evidence that defendant violated the consent decree. Since that finding, the court has given Edmonds numerous opportunities to provide the court with particular evidence of violations by the defendant. Edmonds, however, has failed to do so and his motions and responses still contain only blanket allegations of violations, none of which go to the heart of the defendants' duties under the consent decree. Nor has Edmonds provided the court with any evidence that the monitor has failed to adequately monitor the defendant. Because the court can find no substantive violation of the consent decree by the defendant, or credible evidence that the monitor materially breached her duties under the consent decree, it will deny Edmonds' motion to enforce the consent decree.

IT IS ORDERED that Edmonds' motion to reopen and enforce the consent decree is DENIED.

IT IS FURTHER ORDERED that Edmonds' motion to remove the court-appointed monitor is DENIED.

IT IS FURTHER ORDERED that the consent decree is EXPIRED and that this case be closed.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE